## CIRCUIT COURT OF LOUDOUN COUNTY

Furr

v.

Echols

May 11, 1995

Case No. (Law) 16122

BY JUDGE THOMAS D. HORNE

This case is before the Court on Defendant's Demurrer to Plaintiff's Motion for Judgment and Bill of Particulars alleging violations of the provisions of the Virginia Securities Act. Chapter 5 of Title 13.1, Code of Virginia. It is alleged, *inter alia*, that the Plaintiff invested in a restaurant corporation created by the Defendant. He suggests this investment was induced by Defendant's fraudulent misrepresentations and omissions in violation of § 13.1-502 of the Act. Recovery is sought of the consideration paid for the securities purchased, interest, and attorney's fees pursuant to § 13.1-522, Code of Virginia.

Defendant asserts that the Plaintiff was buying an interest in the business and not a security; therefore, the provisions of the Act do not apply to the facts as pleaded in this case. Based upon familiar principles, the Court at this stage of the proceedings must look at the pleadings in a light most favorable to the Plaintiff.

It is alleged that the Plaintiff paid for stock in a corporation formed by the Defendant. Plaintiff was to be a passive investor in the business.

The Court finds that the pleadings sufficiently state a cause of action under the Virginia Securities Act and will overrule the Demurrer. As counsel for the Plaintiff has observed, the Supreme Court of the United States has construed the disclosure requirements of federal securities acts as applicable to stock transactions, regardless of whether the seller may have transferred a 100% ownership interest in the corporation. *Landreth Timber Co. v. Landreth*, 471 U.S. 681 (1988). Thus, the Court found the "sale of business" exception inapplicable to transfers in stock. Virginia courts will

look to interpretations of the federal securities laws when called upon to construe the Virginia Act. *Asher v. Commonwealth*, 12 Va. App. 1105 (1991).